# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10572
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KINTE L. JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-125-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kinte L. Johnson appeals the denial of his second motion under the First Step Act of 2018 to reduce the 120-month sentence imposed on his guilty plea conviction for possessing a controlled substance with intent to distribute. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). We affirm.

Johnson first moved for a post-conviction sentence reduction in January 2019, invoking the First Step Act. The district court denied Johnson's motion,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

explaining that Johnson failed to show that he was entitled to relief under the Act. First, the court observed that § 3582(c)(1)(B) of the Act was not a basis for relief because Johnson had not moved under Federal Rule of Criminal Procedure 35 or "any statute authorizing post-judgment relief." Second, the district court reasoned that Johnson was subject to a mandatory 120-month minimum sentence that was not affected by the Act. Therefore, Johnson's motion was denied on the merits. Johnson did not appeal the district court's original decision.

Johnson moved for a post-conviction sentence reduction, under the same theory, in May 2019. The district court denied the second motion for the same reasons assigned when denying the first motion.

The First Step Act stipulates that "[n]o court shall entertain a motion made under this section to reduce a sentence . . . if a previous motion made under this section to reduce the sentence was" denied on the merits. First Step Act of 2018, § 404(c), 132 Stat. at 5222. Because Johnson was not entitled to move for relief under the First Step Act, *see id.*, we do not disturb the district court's judgment denying his second motion, *see United States v. Ho*, 311 F.3d 589, 602 n.12 (5th Cir. 2002).

AFFIRMED.